UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY G. O'BRYANT | CIVIL ACTION |
| VERSUS | NO. 16-13203 |
| GRAY INSURANCE COMPANY, ENI US OPERATING CO. INC., OMER DANIEL LONGNECKER AND WADE LONGNECKER, D/B/A LONGNECKER PROPERTIES, INC., LONGNECKER PROPERTIES, INC., SEACOR MARINE, LLC, AND THE M/V CLAY ELLA, Its Appurtenances, Tackle, etc. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is a "Motion for Summary Judgment" (Rec. Doc. 44), filed by Defendants Longnecker Properties, Inc. ("LPI"), The Gray Insurance Company ("Gray"), Seacor Marine, LLC ("Seacor"), and Eni US Operating Co. Inc. ("Eni"), (collectively "Defendants"). Plaintiff Timothy G. O'Bryant ("O'Bryant") has filed a response in opposition (Rec. Doc. 82), to which Defendants have replied (Rec. Doc. 97). Having carefully considered the parties' supporting and opposing submissions, the record, and the applicable law, **IT IS ORDERED** that the Defendants' motion is **GRANTED** for essentially the reasons stated within their motion (Rec. Doc. 44) and reply memorandum (Rec. Doc. 97).

In their motion, Defendants correctly argue that summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is proper, as O'Bryant fails to identify any chemical substance to which he was allegedly exposed or the level of exposure. In response, O'Bryant argues that he is unable to present "all essential facts to adequately justify his opposition to defendants' motion for partial summary judgment," so this Court should defer ruling on the motion

1

or deny the motion "until the pending discovery and reasonable discovery have been completed." *See* Rec. Doc. 82 at p. 7. However, as Defendants point out in their reply memorandum, this Court has previously continued the submission date on the motion so that O'Bryant could obtain additional discovery. To date, Plaintiff has still not produced any additional evidence supporting his claim or identifying any chemicals to which he was allegedly exposed.[1]

In addition, Defendants posture that, even if O'Bryant was in fact exposed to toxic chemicals, he has no medical or scientific evidence that causally connects the exposure to his alleged injury, peripheral neuropathy. *See* Rec. Doc. 44-2 at p. 2. In fact, Dr. Craig Clark, O'Bryant's treating neurosurgeon, testified that,

> (1) he *never* related plaintiff's neuropathy to chemical exposure; (2) the potential causes of neuropathy are "legion" and it would be *impossible* for any physician or expert to identify the cause of plaintiff's neuropathy; and, (3) it is more likely that plaintiff's neuropathy was caused by other factors, including past alcohol or illicit drug use or a prior trauma unrelated to work (gunshot wounds to both legs), all of which plaintiff concealed from Dr. Clark.

---

[1] On September 28, 2017, O'Bryant filed "Plaintiff's Motion to Postpone Disposition of Defendants' Motions for Summary Judgment Until Completion of Pending or Requested Discovery, to Extend the Discovery Deadline, and to Continue the Trial on the Merits" (Rec. Doc. 113). Thereafter, Defendants filed a "Motion to Quash and/or for Protective Order" in response to O'Bryant noticing the depositions of Dr. Ravi Pande, his treating neurologist, Dr. Joseph S. Bennett, his treating orthopedic surgeon, and Lee Carr, a fact witness, for Monday, October 2, 2017. Magistrate Judge Janis van Meerveld held a telephone conference with the parties on Friday, September 29, 2017, and granted the motion to quash. *See* Rec. Doc. 116.

As indicated in the minute entry from the telephone conference, counsel for O'Bryant was unable to explain to the Court why the depositions of treating physicians and fact witnesses were not performed earlier, before the discovery deadline had passed. *Id.* Moreover, counsel indicated that in noticing these depositions, he hoped to demonstrate that a trial continuance is needed at this time. *Id.* However, the Court is not convinced that a continuance is needed or that deferring a ruling on the motions for summary judgment is appropriate. The Court has given O'Bryant continuances on the motions' submission dates, and he has still failed to produce any evidence relevant to the motion for summary judgment (Rec. Doc. 44) presently before the Court. Therefore, the Court denies O'Bryant's request to defer ruling on pending motions for summary judgment insofar as it pertains to the present motion (Rec. Doc. 44).

*Id*. Again, O'Bryant's response focused on pending discovery and lack of evidence, while requesting that the Court either defer ruling on the motion or deny the motion altogether. *See* Rec. Doc. 82 at p. 7. However, as previously noted, this Court has granted O'Bryant extensions on the motion, but he has failed to produce any further medical testimony or evidence that would support his toxic exposure claim. Also, the medical records referenced in O'Bryant's opposition from one of his treating neurologists, Dr. Ravi Pande ("Dr. Pande"), have been received, and as indicated in Defendants' reply memorandum, Dr. Pande renders no diagnosis or causal opinions regarding O'Bryant's complaints, including the neuropathy. (Rec. Doc. 97 at p. 2).

Therefore, it is appropriate for this Court to grant summary judgment, as O'Bryant, the nonmoving party, is unable to produce admissible evidence that is sufficient to establish essential elements of his toxic exposure claim as to which he would bear the burden of establishing at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accordingly, **IT IS ORDERED** that Defendants' motion is **GRANTED**, and that O'Bryant's Amended Complaint (Rec. Doc. 25), or all claims related to the alleged toxic exposure, be **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 3rd day of October 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**