UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY G. O'BRYANT | CIVIL ACTION |
| VERSUS | NO. 16-13203 |
| GRAY INSURANCE COMPANY, ENI US OPERATING CO. INC., OMER DANIEL LONGNECKER AND WADE LONGNECKER, D/B/A LONGNECKER PROPERTIES, INC., LONGNECKER PROPERTIES, INC., SEACOR MARINE, LLC, AND THE M/V CLAY ELLA, Its Appurtenances, Tackle, etc. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is a "Motion for Summary Judgment" (Rec. Doc. 61), filed by Defendants Seacor Marine, LLC ("Seacor"), Longnecker Properties, Inc. ("LPI"), and The Gray Insurance Company ("Gray"), (collectively "Defendants"). Plaintiff Timothy G. O'Bryant ("O'Bryant") has filed a response in opposition (Rec. Doc. 91), to which Defendants have replied (Rec. Doc. 108). Having carefully considered the parties' supporting and opposing submissions, the record, and the applicable law, **IT IS ORDERED** that the Defendants' motion is **GRANTED** for essentially the reasons stated within their motion (Rec. Doc. 61) and reply memorandum (Rec. Doc. 108).

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record

1

contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001). In addition, the nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)

In the instant matter, Defendants assume, for purposes of their motion, the workplace accident that allegedly occurred in the summer of 2014 ("workplace accident"), did take place as O'Bryant describes in his Complaint. *See* Rec. Doc. 61-1 at p. 1. However, Defendants acknowledge and the Court agrees that there is no evidence that the workplace accident occurred.[1]

---

[1] There is no evidence that O'Bryant reported the injury to his employer, LPI. In addition, the medical records from his treating physician, Dr. Bruce Newell ("Dr. Newell"), as well as Dr. Newell's deposition testimony indicate that Dr. Newell did not treat O'Bryant until December 18, 2014, "at which time plaintiff reported that he injured his right shoulder one month earlier and was treated at the Emergency Room, which referred him to Dr. Newell's affiliated clinic." (Rec. Doc. 61-1 at p. 4). According to Dr. Newell's deposition testimony, O'Bryant asserted that his injury was not work related on multiple occasions and that the injury was the result of a fall from a shed on November 14, 2014. *Id*. In addition, there are no fact witnesses to support O'Bryant's claim regarding the alleged workplace accident.

In Plaintiffs' opposition to the motion (Rec. Doc. 91), O'Bryant requests that this Court either deny or defer the motion because of the state of discovery. Thereafter, O'Bryant filed "Plaintiff's Motion to Postpone Disposition of Defendants' Motions for Summary Judgment Until Completion of Pending or Requested Discovery, to Extend the Discovery Deadline, and to

Additionally, Defendants correctly assert that O'Bryant lacks the necessary medical evidence to meet his burden of proof in establishing that his alleged workplace accident is causally connected to his shoulder injury, a torn rotator cuff. (Rec. Doc. 61-1 at p. 2); *see also Johnson v. Horizon Offshore Contractors, Inc*., No. CIV.A. 06-10689, 2008 WL 916256, at *4 (E.D.La. Mar. 31, 2008) (quoting *Ginter v. Sea Support Services L.L.C.,* 2001 WL 1602154 (E.D.La. Dec. 12, 2001)) ("Thus, '[i]n a Jones Act case, a seaman has the burden of proving by medical testimony that his injuries were due to the defendant's negligence.'"). Defendants have put forth testimony from O'Bryant's treating physician, Dr. Bruce Newell ("Dr. Newell"), which indicates that while O'Bryant's injury could possibly have been caused by the alleged workplace accident, it is not a likely possibility. *See* Rec. Doc. 61-1 at p. 5. Rather, Dr. Newell's testimony indicates that his opinion, based upon a reasonable degree of medical probability, is that O'Bryant's rotator cuff tear was related to the November 14, 2014 fall from a shed. *See* Rec. Doc. 61-4 at p. 18.

---

Continue the Trial on the Merits" (Rec. Doc. 113), arguing that a continuance of trial is needed, and the deposition of Lee Carr ("Carr"), the lead rigger on the M/V CLAY ELLA ("Clay Ella") in 2014 and a witness to the alleged workplace accident, is necessary at this late date since Carr refused to sign a proposed declaration. Defendants then filed a "Motion to Quash and/or for Protective Order" in response to O'Bryant noticing the deposition of Lee Carr, among other depositions, for Monday, October 2, 2017. Magistrate Judge Janis van Meerveld held a telephone conference with the parties on Friday, September 29, 2017, and granted the motion to quash. *See* Rec. Doc. 116.

  As indicated in the minute entry from the telephone conference, counsel for O'Bryant was unable to explain to the Court why the deposition of a fact witness was not performed earlier, before the discovery deadline had passed. *Id*. Moreover, counsel indicated that in noticing these depositions, he hoped to demonstrate that a trial continuance is needed at this time. *Id*. However, the Court is not convinced that a continuance is needed or that deferring a ruling on the motions for summary judgment is appropriate. The Court has given O'Bryant continuances on the motions' submission dates, and he has still failed to produce any evidence relevant to the motion for summary judgment (Rec. Doc. 61) presently before the Court. Therefore, the Court denies O'Bryant's request to defer ruling on pending motions for summary judgment insofar as it pertains to the present motion (Rec. Doc. 61).

  Additionally, as discussed further within this Order, O'Bryant's claims related to the alleged workplace accident, assuming the accident did take place, also fail for lack of evidence causally connecting the workplace accident to his injury.

3

In response to these arguments, O'Bryant requests that the Court either deny or defer the motion, given the state of discovery. *See* Rec. Doc. 91 at p. 1. However, as indicated by Defendants in their reply memorandum, O'Bryant has admitted that the only physician who treated him for his injuries arising from the alleged accident was Dr. Newell, who relates his medical treatment of O'Bryant's shoulder injury to a non-work related fall from a shed. *See* Rec. Doc. 108 at p. 2 and Rec. Doc. 91-1 at p. 4-5. O'Bryant further admits that no medical expert has articulated the probability of a causal relationship between the alleged workplace accident and O'Bryant's right shoulder injury. *See* Rec. Doc. 108 at p. 2 and Rec. Doc. 91-1 at p. 5.

Therefore, because Plaintiff has failed to produce any evidence causally relating his right shoulder injury to the alleged workplace accident, granting summary judgment in favor of Defendants is appropriate. *See Andrews v. Lomar Corp.*, No. CV 16-14842, 2017 WL 3425439, at *4 (E.D. La. Aug. 9, 2017); *Johnson v. Horizon Offshore Contractors, Inc.*, No. CIV.A. 06-10689, 2008 WL 916256, at *5 (E.D.La. Mar. 31, 2008). Accordingly, **IT IS ORDERED** that Defendants' motion (Rec. Doc. 61) is **GRANTED**, and O'Bryant's claims for negligence under the Jones Act and general maritime law, for unseaworthiness, and for maintenance and cure, related to an alleged workplace injury to his right shoulder, as set forth in Articles 11 and 12 of his Original Seaman's Complaint (Rec. Doc. 1), are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 4th day of October 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**