UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY G. O'BRYANT | CIVIL ACTION |
| VERSUS | NO. 16-13203 |
| GRAY INSURANCE COMPANY, ET AL | SECTION "N" (1) |

## **ORDER AND REASONS**

Before the Court is Defendants' Motion in Limine to Exclude/Limit Plaintiff's Liability Expert, Randy Rice (Rec. Doc. 95). This motion is opposed by Plaintiff (Rec. Doc. 112). In this motion, Defendants The Gray Insurance Company, Longnecker Properties, Inc., ENI US Operating Company, Inc. and SEACOR Marine LLC, seek to exclude any expert testimony by economic loss expert Dr. Randy Rice as it pertains to supposed future economic loss, and to exclude any claim for lost wages as a result of an alleged accident in 2014, thus focusing any economic loss considerations on Plaintiff's alleged slip and fall in a shower aboard the *M/V CLAY ELLA* on November 14, 2015.

As a threshold matter, Defendants' Motion in Limine is **GRANTED** as to any claims for economic loss arising out of an alleged accident occurring in the summer of 2014, when Plaintiff claims he sustained a shoulder injury as he attempted to maneuver a personnel basket. This claim was dismissed via summary judgment (see Rec. Doc. 61), and thus any testimony or evidence pertinent to it is excluded from trial.

As to future economic loss, Defendants cite to the testimony of treating physician Dr. Joseph S. "Asa" Bennett (excerpts of Dr. Bennett's records are attached as Exhibit B to Rec. Doc. 95-1), wherein Dr. Bennett released Plaintiff to full duty on his right shoulder on June 14, 2016

and released him to full duty on his left shoulder on June 19, 2017. Accordingly, Plaintiff cannot recover economic losses beyond June 19, 2017, and Defendants' motion is **GRANTED** in this regard.

Dr. Rice's report dated July 5, 2017 (Rec. Doc. 95-2) sets forth the following remaining opinion with regard to economic losses allegedly sustained between November 14, 2015 and approximately June 19, 2017:

> The potential economic losses in this case are comprised of both past and future amounts. The prospective past earnings foregone can be represented by those incomes which Mr. O'Bryant might have received from the date of his accident in 2015 until the trial date in 2017 but did not owing to his injuries. Assuming the income level as explained in the preceding paragraph in this regard, an estimate of the past after-tax "losses" is $30,932.00.

Expert Report of Dr. Randy Rice, p. 2. The Court finds this opinion to be pertinent to the alleged slip and fall in the shower aboard the vessel on November 14, 2015, and counsel may elicit it from Dr. Rice at trial.

For the foregoing reasons, Defendants' Motion in Limine to Exclude/Limit Plaintiff's Liability Expert, Randy Rice (Rec. Doc. 95) is hereby **GRANTED IN PART AND DENIED IN PART**, as set forth herein.

New Orleans, Louisiana, this 12th day of October 2017.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

2