UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY G. O'BRYANT | CIVIL ACTION |
| VERSUS | NO. 16-13203 |
| GRAY INSURANCE COMPANY, ET AL | SECTION "N" (1) |

# **ORDER AND REASONS**

At the pretrial conference in this matter held on Thursday, October 5, 2017, Plaintiff's counsel disclosed his intention to subpoena and call a variety of witnesses[1] via contemporaneous video transmission pursuant to Rule 43 of the Federal Rules of Civil Procedure. At that time, since opposing counsel had been unaware of such plan, the undersigned encouraged the parties to discuss an agreed-upon procedure to elicit such testimony, or to advise the Court of any such objections. Earlier this week, the Court was advised that there had been no stipulation and that Defendants objected to proceeding with any witness testimony via contemporaneous video transmission. The Court instructed all parties to file memoranda on the issue, which they did. (See Rec. Doc. 135, 136 and 139.)

---

[1]
    a) Dianne Thompson
    b) Rodney Thompson
    c) Brian O'Bryant
    d) Corporate Representative of Greenwood Leflore Hospital
    e) Darrell Keith Chamblee
    f) Dr. Joseph S. Bennett
    g) Dr. Craig Clark
    h) Dr. Bruce Newell
    i) Dr. Ravi Pande
    j) Dustin Rabi
    k) Jae Russell
    l) Lee Carr
    m) Mike Dykes

Rule 43(a) of the Federal Rules of Civil Procedure states:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Thus, it is incumbent upon Plaintiff, as the party desiring to elicit such testimony via contemporaneous video transmission, to demonstrate "good cause in compelling circumstances and with appropriate safeguards", in order to proceed in this fashion.

Plaintiff offers no good cause or compelling circumstances, but rather cites cases in which other courts approved of contemporaneous video transmissions.

In two of the four cases cited, Judge Eldon Fallon of this Court allowed contemporaneous video transmission of testimony in expansive, nationwide, multidistrict cases. In *In re Vioxx Products Liability Litigation,* he cited the five factors a party must demonstrate in order to use video conferenced testimony:

> In *Washington Public*, although analyzing the case under the then-current Rule 45(e), the court fashioned a five-prong test for determining whether the use of videoconferencing was permitted at trial. 1988 WL 525314, at *2-3. The five factors were: (1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation. *Id.* This same five-prong text was adopted and used by the court in *San Juan Dupont*, 129 F.R.D. at 426. For the present case, the Court finds that this five-prong test may also be employed to determine the existence of "good cause" and "compelling circumstances" under Rule 43.

439 F. Supp. 2d 640, 643 (E.D. La. 2006).

This case is not the type of complex, multi-party, multi-state litigation for which flexibility is needed to manage a complex multi-district case. In addition, the Court finds no apparent tactical

2

advantage in favor of Defendants, as several of these witnesses have already personally appeared to provide deposition testimony. On the other hand, there is also no true prejudice to Defendants. Finally, Plaintiff does not assert that any Defendant controls any of these potential witnesses, but rather states that several "are or were employees of the defendants." (Rec. Doc. 139, pp. 5-6). He does not indicate which ones currently work for a defendant and are being controlled by the defendant such that their attendance is being hindered by such employment.

Thus, the Court does not find that any circumstance exists that is of a "compelling" nature, and fails to see any exigent situation in which Plaintiff should be so accommodated. The Advisory Committee's 1996 Note under Rule 43(a) provides guidance as to when such circumstances exist, which are not present here. In short, contemporaneous video transmission for regular witness testimony, during the course of a routine "slip and fall" case such as this, does not lend itself to contemporaneous transmission of testimony.

Plaintiff also fails to demonstrate why such testimony could not have been taken via a perpetuation deposition under Fed. R. Civ. P. Rule 32(4)(B), which is the normal process for procuring the needed testimony for presentation of absent witnesses' testimony at trial. Moreover, some of the witnesses Plaintiff seeks to have appear via contemporaneous transmission have already been deposed in this case, and thus their testimony has been memorialized not only in writing but also on video. Live testimony is always preferable to a video transmission, in that the jury can view the witness in his/her entirety, including body language, and how the witness conducts himself/herself on the witness stand, which is particularly important in evaluating credibility. Nothing in Rule 43(a) suggests that the contemporaneous video transmission should

be utilized simply for the convenience of counsel, or because of the mere distance of a witness from the courthouse.

Even so, the following witnesses[2] will not be called at this trial at all, because they were not timely listed on Plaintiff's witness list or in the pretrial order: (1) Brian O'Bryant, (2) Corporate Representative of Greenwood Leflore Hospital, (3) Dr. Ravi Pande, and (4) Jae Russell[3]

That leaves the following witnesses which are the subject of Plaintiff's attempt to use Rule 43(a): (1) Lee Carr, (2) Darrell Keith Chamblee, (3) Dr. Joseph S. Bennett, (4) Dustin Rabi, (5) Dr. Craig Clark, and (6) Dr. Bruce Newell. To the extent any of the doctors listed herein will offer expert testimony, but his medical records have not been produced, such testimony will be disallowed.

Defendants also argue that Plaintiff's subpoenas to these witnesses are invalid under Fed. R. Civ. P. Rule 45, for more than one reason. Defendants claim that the subpoena must be issued from this Court, where the action is pending, regardless of where compliance is required. See Fed. R. Civ. P. Rule 45(a)(2). (See also Rec. Doc. 135, p. 6.) In so arguing, Defendants note that these subpoenas appear to have been issued by the various United States District Courts in Mississippi and Arkansas where these witnesses can be found. Defendants also argue that, as to subpoenas issued to Chamblee, Carr and Rabi, no valid addresses for issuance are provided, and the copies

---

[2] Plaintiff identifies the following witnesses who he proposes to examine via contemporaneous video transmission: Dr. Craig Clark, Dr. Ravi Pande, Dr. Bruce Newell, Dr. Joseph S. Bennett, Lee Carr, Jae Russell, Dustin Rabi, Brian O'Bryant and Darrell Keith Chamblee. (See Rec. Doc. 136, p. 2.) Defendants also have listed Mike Dykes, whom they offered to produce in person at trial, however, he is not listed in Plaintiff's first memorandum (Rec. Doc. 136), but then is later (Rec. Doc. 139).

[3] Plaintiff maintains that, although not listed by name, Jae Russell was the "rigger (not yet identified)" in the pretrial order, which was filed last week. The Court does not accept non-specific, unidentified and unhelpful descriptions of possible witnesses, or categories of witnesses, which can then later be named without any prior disclosure. By the time discovery has closed and the Pretrial Order is filed, the identities of all witnesses should be known to counsel such that they can be listed *with specificity*.

of the subpoenas provided to Defendants were not signed and no evidence of service has been produced, even less than a week before trial.

The Court need not discuss procedural deficiencies or improper issuance of the subject subpoenas because the Court does not find circumstances sufficient to warrant the invocation of Rule 43(a)'s allowance of contemporaneous transmission of witness testimony. The Court further notes that, on October 18, 2017, the following witnesses filed an Emergency Motion to Quash these subpoenas: Greenwood Leflore Hospital, Dr. Asa Bennett, Dr. Bruce Newell, Dr. Craig Clark, and Dr. Ravi Pande. See Action No. 4:17MC001-DMB-JMV, United States District Court for the Northern District of Mississippi, Greenville Division. In their Motion to Quash, these witnesses argue deficiencies in the subpoenas, and assert that no valid subpoena has been served, and thus they should be quashed. This Court defers to the Mississippi District Court with regard to those subpoenas issued by the Mississippi District Court.

In conclusion, the Court will not allow any of these witnesses to testify via contemporaneous video transmission. If previously and timely identified witnesses cannot appear live, but have been deposed, the undersigned instructs all counsel to review such recorded testimony, as per the Court's pretrial instructions, so that such testimony can be presented to the jury at trial in the form of prerecorded video presentation. Otherwise, these witnesses will not be allowed to testify unless they appear in person when called.

New Orleans, Louisiana, this <u>19th</u> day of October 2017.

_____
**KURT D. ENGELHARDT**
**United States District Judge**